UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| **CORY BONE,**<br>**Individually and on behalf**<br>**of all others similarly situated,**<br><br>*Plaintiff*,<br><br>v.<br><br>**XTO ENERGY, INC.**<br><br>*Defendant.* | § Civil Action No. _____<br>§<br>§<br>§ **JURY TRIAL DEMANDED**<br>§<br>§ **COLLECTIVE ACTION**<br>§ **PURSUANT TO 29 U.S.C. § 216(b)**<br>§<br>§<br>§ **CLASS ACTION PURSUANT TO**<br>§ **FED. R. CIV. P. 23**<br>§ |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Cory Bone brings this action individually and on behalf of all current and former Safety Consultants (hereinafter "Plaintiff and the Putative Class Members") who worked for XTO Energy, Inc. ("XTO") who were paid a day rate but no overtime from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the New Mexico Minimum Wage Act ("NMMWA"), §§ 50-4-19 *et seq.*

Plaintiff's FLSA claim is asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b), while his NMMWA claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq*., to recover overtime wages, and a Federal Rule of Civil Procedure 23(b) (3) class action pursuant to

the state law of New Mexico to recover unpaid wages, overtime wages, and other applicable penalties.

2.  Plaintiff and the Putative Class Members are those current and former Safety Consultants who worked for XTO, anywhere in the United States, at any time from since July 14, 2017 through the final disposition of this matter, and were paid a day rate for each day (and all hours) worked, but did not receive overtime for all hours worked over forty (40) in each workweek.

3.  XTO misclassified Plaintiff and the Putative Class Members as independent contractors.

4.  Although Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5.  The decision by XTO not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6.  XTO knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7.  Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the MNNWA. Specifically, Plaintiff and the Putative Class Members did not (and currently do note) earn a salary thereby nullifying any "salary-based" exemption.[1]

8.  Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to

---

[1] *See Hewitt v. Helix Energy Sols. Grp., Inc.*, No. 19-20023, 2020 WL 1915124 (5th Cir. Apr. 20, 2020); *Hughes v. Gulf Interstate Field Servs., Inc.*, 878 F.3d 183 (6th Cir. 2017).

recover all unpaid overtime and other damages owed under the NMMWA as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff prays that all similarly situated Safety Consultants (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23/New Mexico Class is certified as defined herein, and Plaintiff Bone be designated as the Class Representative.

## II.
## THE PARTIES

11. Plaintiff Cory Bone worked for XTO within the relevant time period. Plaintiff Bone did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

12. The Putative Class Members include those current and former Safety Consultants who worked for XTO, anywhere in the United States, at any time since July 14, 2017, and have been subjected to the same illegal pay system under which Plaintiff Bone worked and was paid.

13. The New Mexico Class members include those current and former Safety Consultants who worked for XTO, in the state of New Mexico, at any time from July 14, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Bone worked and was paid.

14. XTO Energy, Inc. ("Defendant" or "XTO") is a Delaware corporation, licensed to and doing business in New Mexico, and may be served through its registered agent for service of process: **CSC of Lea County, Inc., MC-CSC1, 726 East Michigan Drive, Suite 101, Hobbs, New Mexico, 88240-3465.**

---

[2] The written consent of Cory Bone is hereby attached as Exhibit A.

## III.
## JURISDICTION & VENUE

15. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

16. This Court has supplemental jurisdiction over the additional New Mexico state law claims under 29 U.S.C. § 1367.

17. This Court has personal jurisdiction over XTO because the cause of action arose within this District as a result of XTO's conduct within this District.

18. Venue is proper in the District of New Mexico because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, XTO has maintained a working presence throughout New Mexico (and the United States), and Plaintiff Bone worked in and around Carlsbad, New Mexico throughout his employment with XTO, all of which is located in this District and Division.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

21. XTO is a leading natural gas and oil producer operating throughout the United States and Western Canada."[3]

22. To provide their services, XTO employed numerous Safety Consultants who were paid a day rate only and no overtime—including Plaintiff and the individuals that make up the putative or potential class.

23. While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work in the oilfield.

---

[3] http://www.xtoenergy.com/en-us/operations/operating-areas.

24. Plaintiff Bone worked for XTO as a Safety Consultant in New Mexico and Texas from approximately May 2018 through May 2019.

25. XTO paid Plaintiff and the Putative Class Members a day rate for each day worked. That is, Plaintiff and the Putative Class Members did not get paid if they did not work.

26. Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Class Members are not exempt from overtime, XTO did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

27. Plaintiff and the Putative Class Members' primary job duties included enforcing XTO safety policies and procedures at XTO's and/or their clients' well sites.

28. Upon information and belief, Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by XTO and/or their clients.

29. Upon further information and belief, Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by XTO and/or their clients.

30. Virtually every job function was pre-determined by XTO and/or their clients, including Plaintiff and the Putative Class Members' schedule of work and related work duties. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

31. Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine in nature requiring no college education or other advanced degree.

32. Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

33. XTO determined the hours Plaintiff and the Putative Class Members worked.

34. XTO set Plaintiff and the Putative Class Members' pay and controlled the number of days (and hours) they worked.

35. XTO set all employment-related policies applicable to Plaintiff and the Putative Class Members.

36. XTO maintained control over pricing and marketing. XTO also chose equipment and product suppliers.

37. XTO owned or controlled the equipment and supplies that Plaintiff and the Putative Class Members used to perform their work.

38. XTO had the power to hire and fire Plaintiff and the Putative Class Members.

39. XTO made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members a day rate with no overtime pay.

40. XTO reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided tools and equipment that Plaintiff and the Putative Class Members used.

41. Plaintiff and the Putative Class Members did not employ their own workers.

42. Plaintiff and the Putative Class Members worked continuously for XTO on a permanent full-time basis.

43. XTO, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies. Moreover, XTO paid operating expenses like rent, payroll, marketing, insurance, and bills.

44. Plaintiff and the Putative Class Members relied on XTO for their work. Plaintiff and the Putative Class Members did not market any business or services of their own. Instead, Plaintiff

and the Putative Class Members worked the hours assigned by XTO, performed duties assigned by XTO, worked on projects assigned by XTO, and worked for the benefit of XTO and its customers.

45. XTO paid Plaintiff and the Putative Class Members on a weekly basis. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of days they were allowed to work, which was controlled by XTO and/or its customers.

46. XTO improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon XTO for their work.

47. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

48. XTO denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

49. XTO applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Class Members were XTO's **_non-exempt_** employees, and not independent contractors.

50. Accordingly, XTO's pay policies and practices blatantly violated (and continue to violate) the FLSA and the NMMWA.

V.
**CAUSES OF ACTION**

**COUNT ONE**
**(Collective Action Alleging FLSA Violations)**

**A.    FLSA COVERAGE**

51. All previous paragraphs are incorporated as though fully set forth herein.

52. The FLSA Collective is defined as:

**ALL SAFETY CONSULTANTS WHO WORKED FOR XTO ENERGY, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JULY 14, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

53. At all times hereinafter mentioned, XTO has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

54. At all times hereinafter mentioned, XTO has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

55. At all times hereinafter mentioned, XTO has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

56. During the respective periods of Plaintiff and the FLSA Collective Members' employment by XTO, these individuals provided services for XTO that involved interstate commerce for purposes of the FLSA.

57. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

58. Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for XTO and were engaged in oilfield services that were directly essential to

the production of goods for XTO and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

59. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

60. In violating the FLSA, XTO acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

61. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 52.

62. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of XTO.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

63. All previous paragraphs are incorporated as though fully set forth herein.

64. XTO violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

65. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of XTO's acts or omissions as described herein; though XTO is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

66. Moreover, XTO knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

67. XTO knew or should have known its pay practices were in violation of the FLSA.

68. XTO is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

69. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted XTO to pay overtime in accordance with the law.

70. The decision and practice by XTO to not pay overtime was neither reasonable nor in good faith.

71. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     FLSA COLLECTIVE ACTION ALLEGATIONS**

72. All previous paragraphs are incorporated as though fully set forth herein.

73. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff Bone.

74. Other similarly situated employees have been victimized by XTO's patterns, practices, and policies, which are in willful violation of the FLSA.

75. The FLSA Collective Members are defined in Paragraph 52.

76. XTO's failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual FLSA Collective Members.

77. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective

Members.

78. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

79. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

80. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

81. Indeed, the FLSA Collective Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

82. XTO has employed a substantial number of similarly situated Safety Consultants across the United States since July 14, 2017.

83. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States.

84. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

85. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and XTO will retain the proceeds of its rampant violations.

86. Moreover, individual litigation would be unduly burdensome to the judicial system.

87. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

88. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 52 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of the NMMWA)**

A.     **NMMWA COVERAGE**

89.    All previous paragraphs are incorporated as though fully set forth herein.

90.    The New Mexico Class is defined as:

**ALL SAFETY CONSULTANTS WHO WORKED FOR XTO ENERGY, INC., IN THE STATE OF NEW MEXICO, AT ANY TIME FROM JULY 14, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("New Mexico Class" or "New Mexico Class Members").**

91.    At all times hereinafter mentioned, XTO has been an employer within the meaning of the NMMWA.

92.    At all times hereinafter mentioned, Plaintiff Bone and the New Mexico Class Members have been employees within the meaning of the NMMWA.

B.     **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NMMWA**

93.    All previous paragraphs are incorporated as though fully set forth herein.

94.    The NMMWA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

95.    Plaintiff Bone and other New Mexico Class Members have not been exempt from receiving overtime benefits under the NMMWA.

96.    Plaintiff Bone and other New Mexico Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, XTO violated the NMMWA by failing to pay Plaintiff Bone and other class members any overtime premium for hours worked over forty (40) per week.

97.    Plaintiff Bone and the New Mexico Class Members have suffered damages and continue to suffer damages as a result of XTO's acts or omissions as described herein; though XTO is in possession and control of necessary documents and information from which Plaintiff Bone and the NMMWA Class Members would be able to precisely calculate damages.

98. In violating the NMMWA, XTO acted willfully, without a good faith basis and with reckless disregard of clearly applicable New Mexico law.

99. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the NMMWA, is defined in Paragraph 90.

100. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of XTO.

**C.    NMMWA CLASS ALLEGATIONS**

101. Plaintiff Bone brings his NMMWA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by XTO to work in New Mexico since July 14, 2017.

102. Class action treatment of Plaintiff Bone's NMMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

103. The number of New Mexico Class Members is so numerous that joinder of all class members is impracticable.

104. Plaintiff Bone's claims share common issues of law and fact with the claims of the New Mexico Class.

105. Plaintiff Bone is a member of the New Mexico Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

106. Plaintiff Bone and his counsel will fairly and adequately represent the class members and their interests.

107. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class

members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

108.    Accordingly, the New Mexico Class should be certified as in Paragraph 90.

## VI.
## RELIEF SOUGHT

109.    Plaintiff respectfully prays for judgment against XTO as follows:

      a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 52 and requiring XTO to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

      b.    For an order certifying the NMMWA Class as defined in Paragraph 90, and designated Plaintiff Bone as Representative of the NMMWA Class;

      c.    For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

      d.    For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

      e.    For an Order pursuant to Section 16(b) of the FLSA finding XTO liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

      f.    For an Order awarding the costs and expenses of this action;

      g.    For an Order awarding attorneys' fees;

      h.    For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    i.  For an Order awarding the Plaintiff a service award as permitted by law;

    j.  For an Order compelling the accounting of the books and records of XTO, at XTO's own expense;

    k.  For an Order providing for injunctive relief prohibiting XTO from engaging in future violations of the FLSA and the NMMWA, and requiring XTO to comply with such laws going forward; and

    l.  For an Order granting such other and further relief as may be necessary and appropriate.

|   |   |
|---|---|
| Date: July 14, 2020 | Respectfully submitted,<br><br>**ANDERSON ALEXANDER, PLLC**<br><br>By: /s/ *Clif Alexander*<br>**Clif Alexander** (*Application for Admission Pending*)<br>Texas Bar No. 24064805<br>clif@a2xlaw.com<br>**Austin W. Anderson** (*Application for Admission Pending*)<br>Texas Bar No. 24045189<br>austin@a2xlaw.com<br>**Lauren E. Braddy** (*Application for Admission Pending*)<br>Texas Bar No. 24071993<br>lauren@a2xlaw.com<br>819 N. Upper Broadway<br>Corpus Christi, Texas 78401<br>Telephone: (361) 452-1279<br>Facsimile: (361) 452-1284<br><br>**Attorneys in Charge for Plaintiff and the Putative Class Members** |