**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| CORY BONE and LUIS CARRILLO, | § | |
| individually and on behalf | § | |
| of all other similarly situated, | § | |
| | § | Civil Action No. 2:20-cv-00697 |
| *Plaintiffs,* | § | |
| | § | JURY TRIAL DEMANDED |
| | § | |
| vs. | § | COLLECTIVE ACTION PURSUANT TO |
| | § | 29 U.S.C. § 216(B) |
| | § | |
| XTO ENERGY, INC. | § | CLASS ACTION PURSUANT TO |
| | § | FED. R. CIV. P. 23 |
| *Defendant.* | § | |
| | § | |

**DEFENDANT XTO ENERGY INC.'S FIRST AMENDED ANSWER**

Defendant XTO Energy Inc. ("XTO" or "Defendant") files its First Amended Answer in response to Plaintiff Cory Bone ("Bone") and Plaintiff Luis Carrillo's ("Carrillo") (collectively, "Plaintiffs") First Amended Collective/Class Action Complaint ("Complaint") and states as follows.

As the first two paragraphs in the Complaint merely summarize Plaintiffs' claims and requests for relief, no response is necessary. To the extent a response is necessary, XTO admits that Plaintiffs are asserting a collective action under the Fair Labor Standards Act ("FLSA") and a class action under the New Mexico Minimum Wage Act ("NMMWA") on behalf of themselves and the Putative Class Members. XTO expressly denies that it has violated the FLSA or the NMMWA, and denies any allegations or inferences that it has committed any wrongdoing. XTO further denies that it is liable to Plaintiffs or any Putative Class Member for any damages or other relief under the FLSA or NMMWA, either individually or collectively. XTO further denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have

asserted an appropriate collective/class, denies that Plaintiffs are similarly situated to the Putative Class Members, and denies that such a collective/class should be certified.  XTO further denies that it was Plaintiffs' or the Putative Class Members' employer.  XTO denies all remaining allegations and inferences in the first two unnumbered paragraphs of Plaintiff's Complaint.

## ANSWER

## I.
## OVERVIEW

1.	XTO admits that Plaintiffs are asserting a collective/class action under the FLSA/NMMWA.  XTO expressly denies that it has violated the FLSA or the NMMWA, and denies any allegations or inferences that it has committed any wrongdoing.  XTO further denies that it is liable to Plaintiffs or any Putative Class Member for any damages or other relief under the FLSA or NMMWA, either individually or collectively.  XTO further denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, denies that Plaintiffs are similarly situated to the Putative Class Members, and denies that such a collective/class should be certified.

2.	XTO admits that Plaintiffs are asserting a collective/class action under the FLSA/NMMWA.  XTO expressly denies that it has violated the FLSA or the NMMWA, and denies any allegations or inferences that it has committed any wrongdoing.  XTO further denies that it is liable to Plaintiffs or any Putative Class Member for any damages or other relief under the FLSA or NMMWA, either individually or collectively.  XTO further denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, denies that Plaintiffs are similarly situated to the Putative Class Members, and denies that such a collective/class should be certified.  XTO further denies that it was Plaintiffs' or the Putative Class Members' employer.

3.      XTO denies the allegations and inferences in Paragraph 3, and further denies that it was Plaintiffs' or the Putative Class Members' employer.

4.      XTO denies the allegations in Paragraph 4 because Plaintiffs were employed or contracted by RigUp, Inc., a third-party consulting firm, and the Putative Class Members were employed or contracted by the same or a similar third-party consulting firm, and therefore XTO lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

5.      XTO denies the allegations and inferences in Paragraph 5.

6.      XTO denies the allegations and inferences in Paragraph 6.

7.      XTO denies that Plaintiffs or the Putative Class Members "did not perform work that meets the definition of exempt work under the FLSA or the NMMWA" and further denies that Plaintiffs or the Putative Class Members were not paid on a salary basis because it was not Plaintiffs' or the Putative Class Members' employer and did not control their respective compensation, and therefore XTO lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

8.      XTO admits that Plaintiffs are asserting a collective/class action under the FLSA/NMMWA.  XTO expressly denies that it has violated the FLSA or the NMMWA, and denies any allegations or inferences that it has committed any wrongdoing.  XTO further denies that it is liable to Plaintiffs or any Putative Class Member for any damages or other relief under the FLSA or NMMWA, either individually or collectively.  XTO further denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, denies that Plaintiffs are similarly situated to the Putative Class Members, and denies that such a collective/class should be certified.  XTO further denies that it was Plaintiffs' or the Putative Class Members' employer.

9.      XTO denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, denies that Plaintiffs are similarly situated to the Putative Class Members, and denies that such a collective/class should be certified.

10.     XTO denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, denies that Plaintiffs are appropriate Class Representatives, and denies that such a collective/class should be certified.

## II.
## THE PARTIES

11.     XTO admits that Plaintiff Bone provided services to XTO through a third-party consulting firm from approximately May 2018 to May 2019.  XTO expressly denies any inference that it violated the FLSA or NMMWA, or that it committed any wrongdoing.  XTO denies the remaining allegations in Paragraph 11 because it was not Plaintiff's employer and did not control his compensation, and therefore XTO lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

12.     XTO admits that Plaintiff Carrillo provided services to XTO through a third-party consulting firm from approximately December 2018 to April 2020.  XTO expressly denies any inference that it violated the FLSA or NMMWA, or that it committed any wrongdoing.  XTO denies the remaining allegations in Paragraph 12 because it was not Plaintiff's employer and did not control his compensation, and therefore XTO lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

13.     XTO expressly denies any inference that it violated the FLSA or NMMWA, or that it committed any wrongdoing.  XTO further denies that it was Plaintiffs' or the Putative Class Members' employer.  XTO denies the remaining allegations in Paragraph 13 because it was not

Plaintiffs' or the Putative Class Members' employer and did not control their respective compensation, and therefore XTO lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

14.     XTO expressly denies any inference that it violated the FLSA or NMMWA, or that it committed any wrongdoing.  XTO further denies that it was Plaintiffs' or the Putative Class Members' employer.  XTO denies the remaining allegations in Paragraph 14 because it was not Plaintiffs' or the Putative Class Members' employer and did not control their respective compensation, and therefore XTO lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

15.     XTO admits the allegations in Paragraph 15.

### III.
### JURISDICTION & VENUE

16.     XTO admits the allegations in Paragraph 16, but denies any inferences that XTO has violated the FLSA or the NMMWA, or that it has committed any wrongdoing.

17.     XTO admits the allegations in Paragraph 17, but denies any inferences that XTO has violated the FLSA or the NMMWA, or that it has committed any wrongdoing.

18.     XTO denies that this Court has personal jurisdiction over it with respect to claims or allegations arising from alleged conduct outside of New Mexico.  XTO further denies any inferences that XTO has violated the FLSA or the NMMWA, or that it has committed any wrongdoing.

19.     XTO does not dispute that the Court has personal jurisdiction over it in this matter with respect to allegations concerning alleged conduct in New Mexico, but denies any inferences that XTO has violated the FLSA or the NMMWA, or that it has committed any wrongdoing.  XTO

further denies that this Court has personal jurisdiction over it with respect to claims or allegations arising from alleged conduct outside of New Mexico.

20.     XTO does not dispute that venue is proper with respect to claims or allegations arising from alleged conduct within the District of New Mexico.  XTO denies any inferences that XTO has violated the FLSA or the NMMWA, or that it has committed any wrongdoing.

21.     XTO admits that it maintains a presence in New Mexico and that Plaintiff Bone provided services to XTO through RigUp, Inc., a third-party consulting firm, near Carlsbad, New Mexico, and that Plaintiff Carrillo provided services to XTO through RigUp, Inc., near Carlsbad, New Mexico, but denies that Plaintiff Carrillo provided services to XTO through RigUp, Inc. in Jal or Orla, New Mexico, and further denies any inferences that XTO has violated the FLSA or the NMMWA, or that it has committed any wrongdoing.  XTO further expressly denies that it was Plaintiffs' employer.

22.     XTO does not dispute that venue is proper with respect to claims or allegations arising from alleged conduct within the District of New Mexico.  XTO denies any inferences that XTO has violated the FLSA or the NMMWA, or that it has committed any wrongdoing.

## IV.
## ADDITIONAL FACTS

23.     XTO denies the allegations in Paragraph 23.

24.     XTO denies the allegations in Paragraph 24.

25.     XTO denies the allegations in Paragraph 25.

26.     XTO admits that it operates in New Mexico, but denies any inferences that XTO has violated the FLSA or the NMMWA, or that it has committed any wrongdoing.

27.     XTO denies the allegations and inferences in Paragraph 27, and further denies any inference that it violated the FLSA or NMMWA, or that it committed any wrongdoing.

28.     XTO denies the allegations and inferences in Paragraph 28, and further denies any inference that it violated the FLSA or NMMWA, or that it committed any wrongdoing.

29.     XTO denies the allegations and inferences in Paragraph 29, and further denies any inference that it violated the FLSA or NMMWA, or that it committed any wrongdoing.

30.     XTO admits that Plaintiff Bone provided services to XTO through RigUp, Inc., a third-party consulting firm, as a Drilling Safety Consultant in drilling operations near Carlsbad, New Mexico from approximately May 2018 through February 2019 and as a Wellwork Integrity Consultant concerning wellwork operations near Andrews, Texas, from approximately March 2019 through May 2019.  XTO denies the remaining allegations in Paragraph 30, and further expressly denies that it was Plaintiff's employer.

31.     XTO admits that Plaintiff Carrillo provided services to XTO through RigUp, Inc., a third-party consulting firm, as a Drilling Safety Consultant near Carlsbad, New Mexico and Orla, Texas, from approximately December 2018 to April 2020.  XTO denies the remaining allegations in Paragraph 31, and further expressly denies that it was Plaintiff's employer.

32.     XTO denies that it provided Plaintiffs or the Putative Class Members with a day rate.  XTO further denies that Plaintiffs or the Putative Class Members "did not get paid if they did not work" because it was not Plaintiffs' or the Putative Class Members' employer and did not control their respective compensation, and therefore XTO lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

33.     XTO denies the allegations and inferences in Paragraph 33, and further denies any inference that it violated the FLSA or NMMWA, or that it committed any wrongdoing.

34.     XTO denies the allegations and inferences in Paragraph 34, and further denies that it violated the FLSA or NMMWA, or that it committed any wrongdoing.

35.     XTO admits that, while providing services to XTO through RigUp, Inc., a third-party consulting firm, Plaintiffs were expected to ensure compliance with some safety policies and procedures.  XTO denies all remaining inferences and allegations in Paragraph 35.

36.     XTO denies the allegations and inferences in Paragraph 36.

37.     XTO denies the allegations and inferences in Paragraph 37.

38.     XTO denies the allegations and inferences in Paragraph 38.

39.     XTO denies the allegations and inferences in Paragraph 39.

40.     XTO denies the allegations and inferences in Paragraph 40.

41.     XTO denies the allegations and inferences in Paragraph 41.

42.     XTO denies the allegations and inferences in Paragraph 42.

43.     XTO denies the allegations and inferences in Paragraph 43, and further denies that it was Plaintiff's or the Putative Class Members' employer.

44.     XTO denies the allegations and inferences in Paragraph 44 because this paragraph is too vague and ambiguous to permit a response and therefore XTO lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

45.     XTO denies the allegations and inferences in Paragraph 45.

46.     XTO denies the allegations and inferences in Paragraph 46.

47.     XTO denies the allegations and inferences in Paragraph 47.

48.     XTO denies the allegations and inferences in Paragraph 48.

49.     XTO denies the allegations and inferences in Paragraph 49 because XTO lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

50.     XTO denies the allegations and inferences in Paragraph 50.

51.     As to the alleged services provided by Plaintiffs or the Putative Class Members, XTO denies the allegations and inferences in Paragraph 51.

52.     XTO denies the allegations and inferences in Paragraph 52.

53.     XTO denies the allegations and inferences in Paragraph 53 because XTO lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

54.     XTO denies the allegations and inferences Paragraph 54.

55.     XTO denies the allegations and inferences Paragraph 55.

56.     XTO denies the allegations and inferences in Paragraph 56 because XTO lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

57.     XTO denies the allegations and inferences in Paragraph 57.

58.     XTO denies the allegations and inferences in Paragraph 58.

59.     XTO denies the allegations and inferences in Paragraph 59.

60.     XTO denies the allegations and inferences in Paragraph 60.

61.     XTO admits that, in some circumstances, the FLSA requires that overtime be paid to certain employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) in a single workweek.  XTO expressly denies that it violated the FLSA or NMMWA, or that it committed any wrongdoing.

62.     XTO denies the allegations and inferences in Paragraph 62, and further denies that it violated the FLSA or NMMWA, or that it committed any wrongdoing.

63.     XTO denies that "Plaintiffs and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation" because, as XTO was not the Plaintiff's or the Putative Class Members' employer and did not control their respective

compensation, XTO lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

64.      XTO denies the allegations and inferences in Paragraph 64, and further denies that it violated the FLSA or NMMWA, or that it committed any wrongdoing.

65.      XTO denies the allegations and inferences in Paragraph 65, and further denies that it violated the FLSA or NMMWA, or that it committed any wrongdoing.

## V.
## CAUSE OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.      FLSA COVERAGE**

66.      XTO admits that Complaint Paragraph 66 incorporates all previous paragraphs of the Complaint.

67.      XTO admits that Plaintiffs are asserting a collective action under the FLSA on behalf of themselves and the putative FLSA Collective, as defined in the Complaint.  XTO expressly denies that it has violated the FLSA and denies any allegations or inferences that it has committed any wrongdoing.  XTO further denies that it is liable to Plaintiffs or any member of any putative FLSA Collective for any damages or other relief under the FLSA, either individually or collectively.  XTO further denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, denies that Plaintiffs are similarly situated to the FLSA Collective, and denies that such a collective/class should be certified.

68.      XTO denies that it is, or ever was, Plaintiffs' employer.

69.     XTO admits that it is an enterprise under the FLSA, but denies that it was Plaintiffs' employer, and denies any inferences that XTO has violated the FLSA or has committed any wrongdoing.

70.     XTO admits that it is an enterprise under the FLSA and that it is engaged in interstate commerce, but denies that it was Plaintiffs' employer, and denies any inferences that XTO has violated the FLSA or has committed any wrongdoing.

71.     XTO denies the allegations and inferences in Paragraph 71.

72.     XTO denies the allegations and inferences in Paragraph 72.

73.     XTO denies the allegations and inferences in Paragraph 73.

74.     XTO denies the allegations and inferences in Paragraph 74.

75.     XTO denies the allegations and inferences in Paragraph 75, and expressly denies that it violated the FLSA or committed any wrongdoing.

76.     XTO denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, denies that Plaintiffs are similarly situated to the FLSA Collective, and denies that such a collective/class should be certified.

77.     XTO denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, denies that Plaintiffs are similarly situated to the FLSA Collective, and denies that such a collective/class should be certified.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

78.     XTO admits that Complaint Paragraph 78 incorporates all previous paragraphs of the Complaint.

79.     XTO denies the allegations and inferences in Paragraph 79, and expressly denies that it violated the FLSA or committed any wrongdoing.

80.     XTO denies the allegations and inferences in Paragraph 80, and expressly denies that it is liable to Plaintiffs or any member of any putative FLSA Collective for any damages or other relief under the FLSA, either individually or collectively.

81.     XTO denies the allegations and inferences in Paragraph 81, and expressly denies that it violated the FLSA or committed any wrongdoing.

82.     XTO denies the allegations and inferences in Paragraph 82, and expressly denies that it violated the FLSA or committed any wrongdoing.

83.     XTO denies the allegations and inferences in Paragraph 83, and expressly denies that it violated the FLSA or committed any wrongdoing.

84.     XTO denies the allegations and inferences in Paragraph 84.

85.     XTO denies the allegations and inferences in Paragraph 85, and expressly denies that it violated the FLSA or committed any wrongdoing.

86.     XTO denies the allegations and inferences in Paragraph 86.

## C.     FLSA COLLECTIVE ACTION ALLEGATIONS

87.     XTO admits that Complaint Paragraph 87 incorporates all previous paragraphs of the Complaint.

88.     XTO admits that Plaintiffs are asserting a collective action under the FLSA on behalf of themselves and the putative FLSA Collective.  XTO expressly denies that it has violated the FLSA and denies any allegations or inferences that it has committed any wrongdoing.  XTO further denies that it is liable to Plaintiffs or any member of any putative FLSA Collective for any damages or other relief under the FLSA, either individually or collectively.  XTO further denies

that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, denies that Plaintiffs are similarly situated to the FLSA Collective, and denies that such a collective/class should be certified.

89.   XTO denies the allegations and inferences in Paragraph 89, and expressly denies that it violated the FLSA or committed any wrongdoing.

90.   XTO denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, denies that Plaintiffs are similarly situated to the FLSA Collective, and denies that such a collective/class should be certified.

91.   XTO denies the allegations and inferences in Paragraph 91.

92.   XTO denies the allegations and inferences in Paragraph 92.

93.   XTO denies the allegations and inferences in Paragraph 93.

94.   XTO denies the allegations and inferences in Paragraph 94.

95.   XTO denies the allegations and inferences in Paragraph 95.

96.   XTO denies the allegations and inferences in Paragraph 96.

97.   XTO denies the allegations and inferences in Paragraph 97, and further denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, denies that Plaintiffs are similarly situated to the FLSA Collective, and denies that such a collective/class should be certified.

98.   XTO denies the allegations and inferences in Paragraph 98 because XTO lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

99.   XTO denies the allegations and inferences in Paragraph 99 because XTO lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

100.    XTO denies the allegations and inferences in Paragraph 100, and further denies that it violated the FLSA or committed any wrongdoing.

101.    XTO denies the allegations and inferences in Paragraph 101, and further denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, denies that Plaintiffs are similarly situated to the FLSA Collective, and denies that such collective/class should be certified.

102.    XTO denies the allegations and inferences in Paragraph 102, and further denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, denies that Plaintiffs are similarly situated to the FLSA Collective, and denies that such collective/class should be certified.

103.    XTO denies the allegations and inferences in Paragraph 103, and further denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, denies that Plaintiffs are similarly situated to the FLSA Collective, and denies that such collective/class should be certified.

## COUNT TWO
### (Class Action Alleging Violations of the NMMWA)

**A.    NMMWA COVERAGE**

104.    XTO admits that Complaint Paragraph 104 incorporates all previous paragraphs of the Complaint.

105.    XTO admits that Plaintiffs are asserting a class action under the NMMWA on behalf of themselves and the putative New Mexico Class, as defined in the Complaint.  XTO expressly denies that it has violated the NMMWA and denies any allegations or inferences that it has committed any wrongdoing.  XTO further denies that it is liable to Plaintiffs or any member of any putative New Mexico Class for any damages or other relief under the NMMWA, either

individually or collectively.  XTO further denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, and denies that such a collective/class should be certified.

106.    XTO denies that it is, or ever was, Plaintiffs' employer.

107.    XTO denies that it is, or ever was, Plaintiffs' or the putative New Mexico Class Members' employer.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NMMWA**

108.    XTO admits that Complaint Paragraph 108 incorporates all previous paragraphs of the Complaint.

109.    XTO admits that the NMMWA requires, in some circumstances, that overtime be paid to certain employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) in a single workweek.  XTO expressly denies that it violated the FLSA or NMMWA, or that it committed any wrongdoing.

110.    XTO denies the allegations and inferences in Paragraph 110 because Plaintiffs and the putative New Mexico Class Members were employed or contracted by a third-party consulting firm, and therefore XTO lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

111.    XTO denies the allegations and inferences in Paragraph 111, and expressly denies that it violated the NMMWA or committed any wrongdoing.

112.    XTO denies the allegations and inferences in Paragraph 112, and expressly denies that it is liable to Plaintiffs or any member of any putative New Mexico Class for any damages or other relief under the NMMWA, either individually or collectively.

113.    XTO denies the allegations and inferences of Paragraph 113, and expressly denies that it violated the NMMWA or committed any wrongdoing.

114.    XTO denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, and denies that such a collective/class should be certified.

115.     XTO denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, and denies that such a collective/class should be certified.

**C.    NMMWA CLASS ALLEGATIONS**

116.    XTO admits that Plaintiffs are asserting a class action under the NMMWA on behalf of themselves and the putative New Mexico Class.  XTO expressly denies that it has violated the NMMWA and denies any allegations or inferences that it has committed any wrongdoing.  XTO further denies that it is liable to Plaintiffs or any member of any putative New Mexico Class for any damages or other relief under the NMMWA, either individually or collectively.  XTO further denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, and denies that such a collective/class should be certified.

117.    XTO denies the allegations and inferences in Paragraph 117.

118.    XTO denies the allegations and inferences in Paragraph 118.

119.    XTO denies the allegations and inferences in Paragraph 119.

120.    XTO denies the allegations and inferences in Paragraph 120.

121.    XTO denies the allegations and inferences in Paragraph 121.

122.    XTO denies the allegations and inferences in Paragraph 122, and further denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, and denies that such a collective/class should be certified.

123.    XTO denies the allegations and inferences in Paragraph 123, and further denies that this lawsuit should proceed as a collective action or a class action, denies that Plaintiffs have asserted an appropriate collective/class, and denies that such a collective/class should be certified.

## VI.
## RELIEF SOUGHT

124.    XTO denies that Plaintiffs or anyone else are entitled to any damages or relief, including specifically the damages and relief requested in the Complaint's section titled "Relief Sought," including subparts a-k.

## GENERAL DENIAL

125.    XTO denies all Complaint allegations that it does not specifically admit.

## AFFIRMATIVE AND OTHER DEFENSE

XTO asserts the following affirmative and other defenses, but does not assume the burden of proof on such defenses unless required by law:

126.    Plaintiffs' Complaint, in whole or in part, fails to state facts sufficient to constitute any cause of action against XTO and fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and any applicable state law.

127.    Plaintiffs' claims fail because Plaintiffs and any Putative Class Members of any purported FLSA collective action or purported NMMWA class action were not employees of XTO.

128.    XTO's payment for services to any third-party consulting firm who may have employed or contracted Plaintiffs or any Putative Class Members, was at all times in compliance with applicable law.

129.    If Plaintiffs are determined to be employees of XTO, which allegation XTO expressly denies, and Plaintiffs or some Putative Class Members of any purported FLSA collective action or NMMWA class action were paid a day rate for hours worked, if any overtime is owed, which allegation XTO expressly denies, such amount is limited to half-time (one-half of the purported employee's regular rate of pay).

130.    If Plaintiffs are determined to be employees of XTO, which allegation XTO expressly denies, Plaintiffs and each Putative Class Member of any purported FLSA collective action or NMMWA class action Plaintiffs seek to represent, were at all times paid in excess of the applicable statutory minimum wage and overtime requirements and, therefore, were not victims of any unlawful policy or practice.

131.    If Plaintiffs are determined to be employees of XTO, which allegation XTO expressly denies, Plaintiffs' claims, and the claims of each Putative Class Member of any purported FLSA collective action or NMMWA class action, are barred to the extent Plaintiffs or any Putative Class Members were exempt from the overtime requirements pursuant to one or more FLSA exemptions or NMMWA exemptions (including, without limitation, the administrative exemption, the Motor Carrier Act exemption, the outside sales exemption, the combination exemption and/or the highly compensated employee exemption).

132.    If Plaintiffs are determined to be employees of XTO, which allegation XTO expressly denies, Plaintiffs and each Putative Class Member of any purported FLSA collective or

NMMWA class did not work in excess of 40 hours during some or all of the workweeks relevant to this lawsuit.

133.    If Plaintiffs are determined to be employees of XTO, which allegation XTO expressly denies, any time for which Plaintiffs or any Putative Class Members of any purported FLSA collective action or NMMWA class action were not compensated in accordance with the FLSA or NMMWA was de minimis and not compensable time worked as a matter of law.

134.    If Plaintiffs are determined to be employees of XTO, which allegation XTO expressly denies, and if XTO is found to have improperly classified Plaintiffs or any Putative Class Members of any purported FLSA collective or NMMWA class as exempt, which allegations XTO denies, then the FLSA or NMMWA claims of Plaintiffs and any Putative Class Members still fail to the extent they lack sufficient evidence to prove, as a matter of just and reasonable inference, the amount and extent of the work they allegedly performed during their alleged employment with XTO for which XTO allegedly did not properly compensate them.

135.    If XTO is found to have failed to pay Plaintiffs and/or any Putative Class Members of any purported FLSA collective or NMMWA class, which allegation XTO expressly denies, any such amounts were based on hours worked without the knowledge or constructive knowledge of XTO.

136.    If Plaintiffs are determined to be employees of XTO, which allegation XTO expressly denies, XTO did not willfully refuse or fail to pay Plaintiffs or any Putative Class Members of any purported FLSA collective or NMMWA class in violation of any applicable provision of the FLSA or NMMWA.  To the contrary, XTO paid the third-party consulting firm(s) that employed or contracted Plaintiffs and any Putative Class Members in compliance with all applicable law, and at no time did XTO act to circumvent any obligations under the FLSA or the

NMMWA.  However, if XTO is found to have violated the FLSA or NMMWA, which allegation XTO expressly denies, XTO neither knew that its conduct violated the FLSA or NMMWA, nor showed reckless disregard for whether its actions complied with the FLSA or NMMWA. Consequently, XTO's actions were not "willful" and a two-year statute of limitations should apply, pursuant to 29 U.S.C. § 225(a).

137.    If XTO is found to have failed to pay Plaintiffs or any Putative Class Members of any purported FLSA collective or NMMWA class any amount due, which allegation XTO expressly denies, any act or omission giving rise to such failure was in good faith, and XTO had reasonable grounds for believing that its act or omission did not violate the FLSA or NMMWA. Consequently, XTO is not liable for liquidated damages, pursuant to 29 U.S.C. § 260.

138.    Plaintiffs' claims and the claims of any Putative Class Members of any purported FLSA collective, may be barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent that actions in connection with the compensation of Plaintiffs or any Putative Class Member of any purported FLSA collective were taken in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

139.    Plaintiffs' claims, and the claims of each Putative Class Member of any Purported FLSA collective or NMMWA class, are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, those set form in N.M. Stat. Ann. 37-1-5.

140.    Plaintiffs and/or some or all of the alleged Putative Class Members were at times relevant to the Complaint paid on a piecework basis and thus exempt from the definition of "employee" under the NMMWA.

141.    To the extent that Plaintiffs' claims, and the claims of each Putative Class Members of any purported FLSA collective or NMMWA class, are barred in whole or in part, by the applicable statute of limitations, estoppel, waiver, unclean hands, laches, election of remedies, accord and satisfaction, offset for any payment of wages made but not owed, the after-acquired evidence doctrine, their at-will employment status, or by any other defense or affirmative defense, XTO asserts those defenses.

142.    There is no class of persons similarly situated to Plaintiffs with respect to the application of the FLSA and, therefore, this action may not be maintained as a collective action, nor is Court-facilitated notice proper, pursuant to 29 U.S.C. § 216(b).

143.    There is no evidence of persons similarly situated to Plaintiffs with respect to application of the FLSA wanting to opt in to this action and, therefore, this action may not be maintained as a collective action, nor is Court-facilitated notice proper, pursuant to 29 U.S.C. § 216(b).

144.    To the extent that Plaintiffs state a claim against XTO, Plaintiffs' claims cannot be maintained as a collective action or class action because Plaintiffs are not adequate collective/class action representatives and issues pertaining to Plaintiffs are not sufficiently particular to any other putative plaintiffs.

145.    Plaintiffs' claims, and the claims of each Putative Class Member of any purported FLSA collective or NMMWA class are matters in which individual questions predominate and,

accordingly, are not appropriate for collective treatment pursuant to 29 U.S.C. § 216(b) or class treatment under Rule 23 and the NMMWA.

146.    If XTO is found to have failed to pay Plaintiffs or any Putative Class Member of any purported FLSA collective or NMMWA, which allegation XTO expressly denies, any such amounts should be barred or reduced based on Plaintiffs' and/or any Putative Class Member's failure to notify XTO of any alleged payment error or to otherwise mitigate his/her damages.

147.    Plaintiffs' claims, and the claims of any Putative Class Member of any purported FLSA collective or NMMWA class, are barred to the extent that they approved and ratified the actions complained of in the Complaint.

148.    If XTO is found to have employed Plaintiffs or any Putative Class Member of any purported FLSA collective or NMMWA class, which allegation XTO expressly denies, Plaintiffs' claims and the claims of each Putative Class Member are barred as to all hours during which Plaintiff and any Putative Class Member were engaged in activities that were preliminary or post-liminary to their principal work activities or were otherwise not compensable working time.

149.    Plaintiffs' alleged damages, and the alleged damages of any Putative Class Members of any purported FLSA collective or NMMWA class, if any, were caused by their own actions or omissions, or the actions or omissions of third parties.

150.    Plaintiffs' claims preclude certification of any purported FLSA collective or NMMWA class because the determination of liability for Plaintiffs and each Putative Class Member would be highly individualized and would predominate over any trial.

151.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to pursue those claims on behalf of themselves and/or some or all of the Putative Class Members of any purported FLSA collective or NMMWA class, and Plaintiffs cannot adequately represent

the interests of some or all of the Putative Class Members and/or are not appropriate Class Representatives.

152.    Plaintiffs are barred from bringing the Complaint, and each purported cause of action therein, and obtaining any relief pursuant to the claims alleged therein, by virtue of any of Plaintiffs' affirmative misconduct.

153.    Plaintiffs' claims, and the claims of any Putative Class Members, are barred to the extent such claims are covered by an arbitration provision, and must be submitted to individual, mandatory, and/or binding arbitration.

154.    The adjudication of the claims of any putative Class Member of any purported FLSA collective or NMMWA class in this action through generalized classwide proof violates XTO's right to due process guaranteed by the United States Constitution and any applicable state constitution.

155.    Plaintiffs' claims, and the claims of any Putative Class Member, are barred to the extent that Plaintiffs have failed to join an indispensable party in the current action under the FLSA or NMMWA (i.e., the third-party consulting firm(s) that employed and/or contracted with Plaintiffs and/or the Putative Class Members).

156.    Plaintiffs' claims, and the claims of any Putative Class Members, are barred to the extent that this Court lacks jurisdiction over such claims.

157.    XTO reserves the right to rely upon such defenses and affirmative defenses as may become available or apparent during discovery proceedings in this case, and herby affirmatively asserts and pleads by reservation all Rule 12(b) defenses and Rule 8 affirmative defenses.

158.    XTO reserves the right to plead further and specifically reserves the right to file an amended answer or counterclaim.

## CONCLUSION

WHEREFORE, XTO Energy Inc. prays that Plaintiffs take nothing by this suit, that judgment be entered on behalf of XTO Energy Inc., that XTO Energy Inc. recover its costs of suit and reasonable attorneys' fees, and that XTO Energy Inc. be granted all other relief to which it is entitled or which this Court may deem just and proper.

Respectfully submitted,

*/s/ Felicity A. Fowler*
Felicity A. Fowler
*Admitted Pro Hac Vice*
ffowler@mcginnislaw.com
**MCGINNIS LOCHRIDGE**
2200 Ross Avenue, Suite 4900E
Dallas, Texas 75201
Telephone: (214) 307-6961
Telecopier: (214) 307-6990

*/s/ Charlotte Lamont*
Charlotte Lamont
clamont@littler.com
**LITTLER MENDELSON, P.C.**
201 3rd St NW, Suite 500
Albuquerque, NM 87102
Telephone: (505) 944-9682
Telecopier: (505) 213-0415

David B. Jordan
*Admitted Pro Hac Vice*
djordan@littler.com
Paige A. Cantrell
*Admitted Pro Hac Vice*
pcantrell@littler.com
**LITTLER MENDELSON, P.C.**
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 652-4785
Telecopier: (713) 583-2649

**ATTORNEYS FOR DEFENDANT
XTO ENERGY INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 9th day of October, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clif Alexander
Austin W. Anderson
Lauren E. Braddy
**Anderson Alexander, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas
clif@a2xlaw.com
austin@a2xlaw.com
lauren@a2xlaw.com

Michael A. Josephson
Andrew W. Dunlap
**Josephson Dunlap Law Firm**
11 Greenway Plaza, Suite 3050
Houston, Texas
adunlap@mybackwages.com
mjosephson@mybackwages.com

Richard J. (Rex) Burch
**Bruckner Burch, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas
rburch@brucknerburch.com

*/s/ Charlotte Lamont*
Charlotte Lamont