IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CORY BONE AND LUIS CARRILLO,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.                                                      Case No. 2:20-CV-00697 WJ/GJF

XTO ENERGY, INC.,

    Defendant.

## ORDER TRANSFERRING CASE TO THE DISTRICT OF DELAWARE

THIS MATTER comes before the Court upon Plaintiffs' Motion to Transfer (Doc. 59), and regarding Defendant's Briefing and Response (Doc. 60), filed pursuant to this Court's Memorandum Opinion and Order partially granting and partially deferring Defendant's Motion to Dismiss (Doc. 58). In that Order, the Court required parties to brief the issue of whether this case should proceed as a smaller collective composed solely of New Mexico plaintiffs, or whether the entire case should be transferred to Delaware where Defendant is incorporated and therefore would be subject to general jurisdiction on all claims from the nationwide collective. Parties were instructed to include legal authority for their respective positions.

Defendant opposes transfer, arguing that 28 U.S.C. §§ 1406(a) and 1631 are inappropriate vehicles for transfer because only claims lacking jurisdiction may be transferred through those mechanisms. *Id.* at 2–3. Named plaintiffs Bone and Carillo have brought jurisdictionally proper claims in the District of New Mexico. *Id.* Defendant asserts that the propriety of *some* claims in this case (those of the named plaintiffs) means that the case as a *whole*—the entire mixed bag of

claims with and without jurisdiction—may not be transferred under §§ 1406(a) and 1631. *Id.* The Court agrees that these statutes are improper here.

However, Defendant's argument against transfer based on 28 U.S.C. § 1404(a) is less persuasive. Under § 1404(a), a court may transfer a civil action "to any other district or division where it might have been brought" if the transfer is "in the interest of justice." Here, both sides agree that a nationwide FLSA collective action is proper in a defendant's home state, where general jurisdiction applies. *See* Doc. 32 at 12; Doc. 33 at 3. The District of Delaware is Defendant's home state—a place where the action "might have been brought." *See* Doc. 25, ¶ 15. Defendant argues not that transfer under § 1404(a) is inappropriate, but that Plaintiffs have not made an adequate showing of convenience in the new forum. (Doc. 60 at 2).

Plaintiffs urge the Court to transfer the entire case to Delaware, but contrary to the Court's Order for additional briefing, they provide no legal support for their position as required in the Order. Plaintiffs' Motion to Transfer is sparse, but the Court notes that Plaintiffs' earlier briefing on the jurisdictional issue addresses the policy concerns inherent in dividing FLSA collective actions into state-specific clusters of litigation. *See* Doc. 32 at 8 (discussing the risk of "splinter[ing]" nationwide collective actions and "greatly diminish[ing] the efficacy of FLSA collective actions as a means to vindicate employees' rights") (citation omitted).

Based on the parties' recent submissions, their previous motions on the record, and the applicable law, the Court is convinced that transfer under 28 U.S.C. § 1404(a) is appropriate. *See* Doc. 32 at 8; Doc. 33 at 3 (noting the available option to "litigate this case and all other FLSA cases as a nationwide collective action: sue the defendant in its state of general jurisdiction.").

Moreover, case law from district courts in this circuit and appellate courts elsewhere permits a court to transfer a case *sua sponte* under § 1404(a). *See, e.g., Trout v. Organizacion*

2

*Mundial de Boxeo, Inc.*, No. Civ. 16-00097, 2016 WL 10179368, at *6 (D.N.M. Aug. 3, 2016); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (explaining the "long-approved practice of permitting a court to transfer a case *sua sponte*" if "parties are first given the opportunity to present their views on the issue") (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)); *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 171 (3d Cir. 2011) (recognizing *sua sponte* transfers); *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 972 (8th Cir. 2012) (recognizing authority supporting *sua sponte* transfers); *Corley v. United States*, 11 F.4th 79, 83, 90 (2d Cir. 2021) (declining to overturn *sua sponte* transfer); *In re Ryze Claims Solutions, LLC*, 968 F.3d 701, 706 n.5 (7th Cir. 2020) (§1404(a) sua sponte transfer authority is "well established"); *Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986).

When deciding on a motion to transfer, a court considers several discretionary factors, including, *inter alia*, "the plaintiff's choice of forum," "the accessibility of witnesses and other sources of proof," and "all other considerations of a practical nature that make a trial easy, expeditious and economical." *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010). The most impactful of those factors in this case is the last one: the practical considerations allowing for an "easy, expeditious and economical" trial. *Id.* Plaintiffs seek to exercise their rights using a legal mechanism specifically designed for large swathes of similarly situated individuals: the FLSA collective action. To disallow transfer to a jurisdiction where the entire collective could litigate would be contrary to the spirit of the FLSA and an inefficient use of judicial resources. *See Smith v. Dollar Tree Stores, Inc.*, No. 1:11-CV-02299, 2012 WL 12343344, at *5 (N.D. Ga. May 10, 2012) (in FLSA action with many parties seeking a national collective action, interests of justice under § 1404(a) weigh strongly in favor of transfer to

jurisdiction where defendant is headquartered due to judicial efficiency and risk of inconsistent rulings if action is splintered).

For the above reasons, the Court hereby TRANSFERS this case to the District of Delaware. Inasmuch as Plaintiffs responded to the Court's Order with a Motion to Transfer (Doc. 59), the Court hereby GRANTS that motion.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE