# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORY BONE and LUIS CARRILLO, Individually and for others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>XTO ENERGY, INC.,<br><br>    Defendant. | C.A. No. 21-1460-VAC-JLH |

## OPENING BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS

OF COUNSEL:

David B. Jordan
Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
(713) 951-9400
djordan@littler.com

Sarah J. Miley
Littler Mendelson, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
(412) 201-7669
smiley@littler.com

Jennifer C. Jauffret (#3697)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
jauffret@rlf.com
haynes@rlf.com

*Attorneys for Defendant XTO Energy Inc.*

Felicity A. Fowler
McGinnis Lochridge
500 N. Akard St., Ste. 2250
Dallas, Texas 75201
(214) 307-6961
ffowler@mcginnislaw.com

Dated:  May 19, 2022

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

I.   NATURE AND STAGE OF THE PROCEEDINGS ....................................... 1

II.  SUMMARY OF ARGUMENT ........................................................................ 1

III. CONCISE STATEMENT OF FACTS AND BACKGROUND ..................... 2

IV.  LEGAL STANDARD ...................................................................................... 4

V.   ARGUMENT .................................................................................................... 5

    A.   A Stay Will Simplify and Potentially Eliminate The Issues
        In Question And Trial Of This Case. ..................................................... 6

    B.   This Motion Is Made Early In The Proceedings
        And Meaningful Discovery Has Not Yet Commenced. ........................ 7

    C.   A Stay Is Unlikely To Prejudice Plaintiffs. ............................................ 8

VI.  CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bilberry v. JPMorgan Chase Bank, N.A.*,
  No. 1:20-CV-470-RP, 2021 WL 536440 (W.D. Tex. Jan. 13, 2021) ..............7, 9

*Clinton v. Jones*,
  520 U.S. 681 (1997)................................................................................................1, 4

*Davis v. Nationstar Mortg., LLC*,
  No. 15-CV-4944, 2016 WL 29071 (E.D. Pa. Jan. 4, 2016) .................................9

*Dwyer v. USAA Sav. Bank*,
  No. SA-17-CA-252-FB, 2017 WL 7805760 (W.D. Tex. Nov. 21, 2017)............6

*f'real Foods, LLC v. Welbilt, Inc.*,
  No. 19-1028-CFC, 2019 WL 5626857 (D. Del. Oct. 31, 2019)..........................5

*Frey v. Frontier Utils. Ne. LLC*,
  No. 19-2372-KSM, 2021 WL 322818 (E.D. Pa. Feb. 1, 2021)........................5, 6

*Guenveur v. State Farm Mut. Auto. Ins.*,
  551 F. Supp. 1044 (D. Del. 1982).......................................................................9

*Hewitt v. Helix Energy Sols., Grp., Inc.*
  15 F.4th 289 (5th Cir. 2021), *petition for cert. granted*,
  No. 21-984, 2022 WL 1295708 (U.S. May 2, 2022)..................................*passim*

*Hewitt v. Helix Energy Sols., Inc. et al*,
  Civ. 4:17-cv-02545 (S.D. Tex. Dec. 13, 2017) ...................................................3

*Houlihan v. Sussex Tech. Sch. Dist.*,
  No. 05-194-JJF, 2006 WL 8459820 (D. Del. Feb. 9, 2006)................................6

*Minard Run Oil Co. v. U.S. Forest Service*,
  670 F.3d 236 (3d Cir. 2012) ...............................................................................9

*Muhammad v. Del. Title Loans, Inc.*,
  No. 09-3920(RMB/AMD), 2010 WL 11566061 (D.N.J. June 22, 2010) ............7

*Scott et al. v. Antero Res. Corp.*,
  No. 21-1188 (10th Cir. May 2, 2022) .............................................................. 5, 9

*Summa Four, Inc. v. AT&T Wireless Servs., Inc.*,
  994 F. Supp. 575 (D. Del. 1998) ........................................................................ 9

**STATUTES & RULES**

29 C.F.R. § 541.601 ................................................................................................ 2

I.      **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiffs brought this action against Defendant XTO Energy Inc. ("XTO") to recover overtime allegedly owed to them and purportedly similar "Safety Consultants" pursuant to the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA"). [D.I. 25]. Plaintiffs allege they were paid a "day rate," but no overtime compensation. *Id*. The pleadings are closed [D.I. 25, 29] and the following motions are pending: XTO's Motion to Dismiss Plaintiffs' Class/Collective Claims [D.I. 28], Plaintiffs' Motion for Conditional Certification [D.I. 74], and XTO's Motion for Leave to File Sur-Reply in opposition to Plaintiffs' Motion for Conditional Certification [D.I. 90]. All three motions have been fully briefed.

For the reasons explained below, XTO now moves this Court to stay this case pending the Supreme Court's decision in *Hewitt v. Helix Energy Sols., Grp., Inc.* 15 F.4th 289 (5th Cir. 2021), *petition for cert. granted*, No. 21-984, 2022 WL 1295708 (U.S. May 2, 2022).[1]

II.     **SUMMARY OF ARGUMENT**

1.      A district court has broad discretion to stay proceedings in the interest of time and economy for parties, counsel, and the court itself. *Clinton v. Jones*, 520

---

[1] By filing this motion, XTO does not waive any right, defense, affirmative defense, or objection.

U.S. 681, 706 (1997). To spare the Parties and this Court from what could be a substantial amount of unnecessary and ultimately futile litigation, XTO respectfully requests the Court stay the proceedings in the matter until the Supreme Court has ruled on the *Helix* case, and determined a central legal issue also present in the instant case: when "day rate" oilfield workers may be exempt from the FLSA's overtime provisions under the highly-compensated employee exception, *see* 29 C.F.R. § 541.601.

**III.   CONCISE STATEMENT OF FACTS AND BACKGROUND**

Plaintiff Cory Bone filed this case in the United States District Court for the District of New Mexico on July 14, 2020. [D.I. 1]. He filed a First Amended Complaint on September 25, 2020, adding Luis Carrillo as a named plaintiff. [D.I. 25]. This matter was transferred to the District of Delaware on October 15, 2021, upon a motion by Plaintiffs. [D.I. 61].

In this action, Plaintiffs bring claims for unpaid overtime under the FLSA and NMMWA, alleging they provided services to XTO as "Safety Consultants" in New Mexico and Texas. *Id*. at ¶¶1, 30-31. Plaintiffs allege Bone provided services to XTO from approximately May 2018 through May 2019, and Carrillo provided services to XTO from approximately December 2018 through April 2020. *Id*. Despite their relationships with their own professional service companies ("PSCs"), Plaintiffs allege during their respective work periods, they were instead employees of XTO

and they received a flat sum of pay at a "day rate" for each day worked, but did not receive overtime compensation for hours worked over forty (40) in a workweek in violation of the FLSA and NMMWA. *Id*. at ¶¶2, 73, 86, 111.

Plaintiffs' claims in this case are identical to the claims under review by the Supreme Court of the United States. *Helix,* No. 21-984. Like here, the defendant in *Helix* has asserted the affirmative defense that the plaintiff and the putative class (all individuals who worked in the oil and gas industry and who received some compensation calculated on a day rate basis) are exempt from the FLSA's overtime provisions as a result of the administrative, executive, professional, and/or highly-compensated employee exemption. See *Hewitt v. Helix Energy Sols., Inc. et al*, Civ. 4:17-cv-02545, Dkt. 20, p. 2 (S.D. Tex. Dec. 13, 2017). The outcome of *Helix* will be determinative of the central legal issue in this case – identifying when alleged "day rate" workers may be exempt from overtime under the FLSA. On September 9, 2021, the United States Court of Appeals for the Fifth Circuit issued a ruling addressing this FLSA exemption issue. *Hewitt v. Helix Energy Sols. Grp., Inc.,* 15 F.4th 289 (5th Cir. 2021), *cert. granted sub nom. Helix Energy Sols. v. Hewitt*, No. 21-984, 2022 WL 1295708 (U.S. May 2, 2022). Less than three weeks ago, on May 2, 2022, Helix Energy Solutions Group was granted a writ of certiorari for the Supreme Court's review of the case and to resolve a circuit split created by the Fifth Circuit's decision. *Id*. The *Helix* parties should complete anticipated briefing by

3

early Fall 2022, with oral argument in the late Fall, and an opinion issued in late Spring, early Summer 2023 as is customary with the Supreme Court.

Here, XTO pled in its Answer that Plaintiffs and members of the putative class are exempt from overtime requirements pursuant to one or more exemptions under the FLSA, specifically including the highly-compensated exception to the FLSA's overtime requirements. [D.I. 29 at ¶131]. In other words, XTO has pled Plaintiffs and members of the putative class are exempt from overtime requirements because they were guaranteed payments in excess of $684 a week (or $455 per week prior to 2020) in any week they perform work—indeed, according to Plaintiffs' own filings, they received payments far in excess of this statutory minimum from their PSCs. This same factual pattern, and its application to the highly compensated exception, is under consideration by the Supreme Court in *Helix*. As such, rulings on the pending Motion to Dismiss, Motion for Conditional Certification, Motion for Leave for Sur-Reply, any following discovery plans for each of the Parties, and the overall disposition of this case on the merits will be materially altered by the Supreme Court's ruling in *Helix*.

IV.  **LEGAL STANDARD**

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket" in the interest of time and economy for parties, counsel, and the court itself. *Clinton*, 520 U.S. at 706. "In the exercise of its sound

discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Frey v. Frontier Utils. Ne. LLC*, No. 19-2372-KSM, 2021 WL 322818, at *1 (E.D. Pa. Feb. 1, 2021) (citing *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N.A., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976)).

Courts in the Third Circuit consider the following factors in deciding if a stay is warranted: (1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *f'real Foods, LLC v. Welbilt, Inc.,* No. 19-1028-CFC, 2019 WL 5626857, at *2 (D. Del. Oct. 31, 2019).

## V.   ARGUMENT

The relevant factors weigh in favor of granting XTO's Motion to Stay Proceedings in this case pending the decision of the Supreme Court in *Helix*. Indeed, on the day the Supreme Court granted the writ of certiorari in *Helix*, the Tenth Circuit *sua sponte* abated a case with the identical legal issue pending the Supreme Court's issuance of a decision in *Helix*. *See Scott et al. v. Antero Res. Corp.*, No. 21-1188, Document 010110678270 (10th Cir. May 2, 2022).[2] This Court should do the same.

---

[2] Counsel for the plaintiff in the *Scott v. Antero* matter includes Michael Josephson and Richard Burch, who are also counsel for Plaintiffs in the instant matter.

### A. A Stay Will Simplify and Potentially Eliminate The Issues In Question And Trial Of This Case.

The Supreme Court's potential holding in *Helix* is likely dispositive of the key requirement of a central affirmative defense asserted by XTO, and could result in early disposition of this matter, even in advance of discovery and joinder of other similar workers, if any. Accordingly, the discovery plan of the Parties and the issues presented at trial are contingent on the Supreme Court's decision as to whether the FLSA requires overtime to be paid to "day rate" workers whose guaranteed pay for any week in which they perform work exceeds the regulatory minimum set by the U.S. Department of Labor. *See, e.g.*, *Houlihan v. Sussex Tech. Sch. Dist.,* No. 05-194-JJF, 2006 WL 8459820, at *1 (D. Del. Feb. 9, 2006) (granting a stay where "[t]he answer to this question [pending before the Supreme Court] is, in the Court's view, highly material to the disposition of Plaintiff's First Amendment claim."); *Frey*, 2021 WL 322818, at *2 (staying case where a pending Supreme Court case was reviewing a prerequisite to liability which would affect the ruling before the court); *Dwyer v. USAA Sav. Bank*, No. SA-17-CA-252-FB, 2017 WL 7805760, at *1 (W.D. Tex. Nov. 21, 2017) (weighing this factor in favor of a stay in the U.S District Court for the Western District of Texas because resolution of the case may have included discovery into an issue which would be streamlined by decision in a case pending in the D.C. Circuit).

Because awaiting the decision of the Supreme Court's ruling on the issue of applicability of the highly-compensated employee exception to the FLSA's overtime requirement will simplify, or potentially eliminate, the issues to be litigated at trial, this factor weighs in favor of staying the instant proceedings.

### B. This Motion Is Made Early In The Proceedings And Meaningful Discovery Has Not Yet Commenced.

As to the second factor, granting XTO's Motion to Stay Proceedings at this early stage of the case is appropriate because very limited discovery has been conducted and a trial date has not been set. Additionally, this proposed collective action has not been conditionally certified, as Plaintiffs' Motion for Conditional Certification has been briefed but is still pending. The Parties have not conducted any meaningful discovery, including discovery on the merits, and the Court has not yet decided that merits discovery is appropriate, let alone set deadlines for dispositive motions, pretrial filings and trial itself. *See Muhammad v. Del. Title Loans, Inc.*, No. 09-3920(RMB/AMD), 2010 WL 11566061, at *3 (D.N.J. June 22, 2010) (noting that a stay was appropriate where the case at issue was in the early stages and discovery had not yet commenced); *Bilberry v. JPMorgan Chase Bank, N.A.*, No. 1:20-CV-470-RP, 2021 WL 536440, at *2 (W.D. Tex. Jan. 13, 2021) (finding that "because the motion to stay ha[d] been made . . . before the dispositive motions deadline . . . a stay [was] appropriate at [that] stage of the case.).

As this case is offered as a class and collective action, allowing discovery to proceed would force XTO and Plaintiffs to expend significant time and resources propounding and responding to classwide discovery, when a decision on *Helix* in the appellant's favor could result in dismissal of both the Plaintiffs' individual and classwide claims. Class discovery is also more likely to lead to disputes between the parties that may require the Court's intervention and expend judicial resources. Good cause therefore exists, for reasons of judicial efficiency and economy, to stay these proceedings. Because of the early stage of litigation in this matter, a stay would serve to prevent unnecessary discovery and potential motions practice with respect to issues that are likely to be resolved by the Supreme Court's decision in *Helix*, such as the protection afforded to XTO by its affirmative defenses.

Accordingly, the timing of this Motion to Stay Proceedings at this early stage in the litigation weighs in favor of staying the case pending the Supreme Court's decision in *Helix*.

### C. A Stay Is Unlikely To Prejudice Plaintiffs.

Finally, as to the third factor, there is no evidence a stay will unduly prejudice or present a clear tactical disadvantage to Plaintiffs. In fact, Plaintiffs will also benefit from a stay, because determination of the applicability of the FLSA's highly-compensated employee exception in cases where the plaintiffs may receive pay calculated on a "day rate" will narrow the issues subject to discovery and at issue on

trial. *See, e.g., Bilberry*, 2021 WL 536440, at *2 (noting that "a stay would in fact conserve litigation costs for [both] parties" in evaluating undue prejudice).

Moreover, courts frequently hold that "advancing judicial economy" and "conservation of judicial resources" are bases for a stay, and a stay here would indisputably promote those interests. *See Summa Four, Inc. v. AT&T Wireless Servs., Inc.*, 994 F. Supp. 575, 585 (D. Del. 1998); *Guenveur v. State Farm Mut. Auto. Ins.*, 551 F. Supp. 1044, 1048 (D. Del. 1982) (granting stay where "judicial economy and simple good sense support the conclusion that a stay should be granted"). The promotion of these conservation interests in staying this litigation during the pendency of *Helix* was made manifest by the Tenth Circuit's May 2, 2022 order, which stayed that litigation on the exact same FLSA exemption issue. *Antero Resources Corp.* No. 21-1188, Document 010110678270.

To the extent Plaintiffs argue that the duration of the stay will result in prejudice, fear of dwindling witness memories and putative class members is not sufficient to show Plaintiffs will be prejudiced by a stay in this action. *Davis v. Nationstar Mortg., LLC,* No. 15-CV-4944, 2016 WL 29071, at *3 (E.D. Pa. Jan. 4, 2016). Moreover, Plaintiffs will *not* be harmed if the Court grants XTO's Motion to Stay Proceedings because Plaintiffs seek no prospective injunctive relief, only monetary damages, which can, of course, be awarded at any time. *See Minard Run*

9

*Oil Co. v. U.S. Forest Service*, 670 F.3d 236, 255 (3d Cir. 2012) (holding that pure economic injury, compensable in money, is not irreparable in nature).

## VI. CONCLUSION

All three factors weight in favor of granting a Motion to Stay Proceedings. In light of the foregoing, XTO respectfully asks this Court to grant its Motion and stay all further deadlines pending the Supreme Court's ruling in *Hewitt v. Helix Energy Solutions, Inc. et al*.

|  |  |
|---|---|
| | */s/ Jennifer C. Jauffret* |
| | Jennifer C. Jauffret (#3697) |
| OF COUNSEL: | Christine D. Haynes (#4697) |
| | Richards, Layton & Finger, P.A. |
| David B. Jordan | 920 N. King Street |
| Littler Mendelson, P.C. | Wilmington, DE 19801 |
| 1301 McKinney Street, Suite 1900 | (302) 651-7700 |
| Houston, TX  77010 | jauffret@rlf.com |
| (713) 951-9400 | haynes@rlf.com |
| djordan@littler.com | |
| | *Attorneys for Defendant* |
| Sarah J. Miley | *XTO Energy Inc.* |
| Littler Mendelson, P.C. | |
| 625 Liberty Avenue, 26th Floor | |
| Pittsburgh, PA 15222 | |
| (412) 201-7669 | |
| smiley@littler.com | |

Felicity A. Fowler
McGinnis Lochridge
500 N. Akard St., Ste. 2250
Dallas, Texas 75201
(214) 307-6961
ffowler@mcginnislaw.com

Dated:  May 19, 2022

11