# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORY BONE and LUIS CARRILLO, Individually and For Others Similarly Situated, <br><br> v. <br><br> XTO ENERGY, INC., | C.A. No. 21-cv-1460-VAC-JLH <br><br> Jury Trial Demanded <br><br> FLSA Collective Action |

## BONE'S OPPOSITION TO XTO'S
## MOTION TO STAY PROCEEDINGS (D.I. 94-95)

Dated: June 2, 2022

Of Counsel:

Michael A. Josephson
Andrew W. Dunlap
Carl A. Fitz
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch
State Bar No. 24001807
BRUCKNER BURCH, PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market St. 12th Floor
Wilmington, DE 19801
Telephone: 302-777-0300
Facsimile: 302-777-0301
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Clif Alexander
Austin Anderson
ANDERSON ALEXANDER, PLLC
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (36) 452-1284
clif@a2xlaw.com
lauren@a2xlaw.com

*Attorneys for Plaintiffs Cory Bone and Luis Carrillo*

# TABLE OF CONTENTS

Table of Contents...................................................................................................................i

Table of Authorities..............................................................................................................ii

A.   Nature and Stage of Proceedings. .............................................................................1

B.   Summary of Argument. .............................................................................................2

C.   Concice Statement of Facts. ......................................................................................2

D.   Judicial Stays are Disfavored and Appellate "Uncertainty" Is a Constant. ..............3

E.   A Stay Pending *Helix* Is Not Warranted. .................................................................5

F.   Conclusion ................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                              **Page(s)**

*Cirulli v. Bausch & Lomb, Inc.*,
  2009 WL 545572 (E.D. Pa. Mar. 4, 2009) .................................................................................4

*Clinton v. Jones*,
  520 U.S. 681 (1997) .................................................................................................................4

*Colo. River Water Conserv'n Dist. v. United States*,
  424 U.S. 800 (1976) ............................................................................................................. 2, 3

*CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*,
  381 F.3d 131 (3d Cir. 2004) .....................................................................................................4

*Dennis v. Trans Union, LLC*,
  2016 WL 127453 (E.D. Pa. Jan. 12, 2016) ...............................................................................5

*Engle v. Saul*,
  2021 WL 1209834 (E.D. Pa. Mar. 31, 2021) ....................................................................... 3, 5

*Hewitt v. Helix Energy Sols. Grp., Inc Grp., Inc.*,
  15 F.4th 289 (5th Cir. 2021) .....................................................................................................2

*In re Chickie's & Pete's Wage & Hour Litig.*,
  2013 WL 2434611 (E.D. Pa. June 5, 2013) ..............................................................................3

*J.B. Hunt Transp., Inc. v. Liverpool Trucking Co.*,
  2012 WL 2050923 (E.D. Pa. June 7, 2012) ..............................................................................3

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ............................................................................................................. 3, 4

*Maloney v. Gordon*,
  328 F. Supp. 2d 508 (D. Del. 2004) .........................................................................................3

*Mator v. WESCO Distr., Inc.*,
  2021 WL 3139989 (W.D. Pa. July 22, 2021) ...........................................................................5

*Moeller v. Bradford Cty.*,
  2007 WL 431889 (M.D. Pa. Feb. 5, 2007) ...............................................................................5

*Richardson v. Verde Energy, USA, Inc.*,
  2016 WL 4478839 (E.D. Pa. Aug. 25, 2016) ....................................................................... 4, 5

*St. Clair Intell. Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*,
  2009 WL 192457 (D. Del. Jan. 27, 2009) ................................................................................5

*Univar, Inc. v. Geisenberger*,
  409 F. Supp. 3d 273 (D. Del. 2019) .........................................................................................4

**Statutes**

29 U.S.C. §§ 201–19 ........................................................................................................................1

Regulations

29 C.F.R. § 541.602 ........................................................................................................................... 5
29 C.F.R. § 541.603 ........................................................................................................................... 6
29 C.F.R. § 541.604 ........................................................................................................................... 6
29 C.F.R. §§ 541.600, 541.601 ..................................................................................................... 5, 6

A.   **NATURE AND STAGE OF PROCEEDINGS.**

In July 2020, Plaintiffs sued XTO Energy, Inc. ("XTO") for failing to pay its Safety Consultants overtime as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 ("FLSA") and the New Mexico Minimum Wage Act, NMSA § 50 et seq. . *See* D.I. 1. In September and October 2020, XTO moved to dismiss, limit, or strike Plaintiffs' allegations, arguing the claims were overly broad and jurisdictionally deficient. *See* D.I. 20; D.I. 28. In June 2021, Plaintiffs moved for conditional certification and court-authorized notice. *See* D.I. 43. XTO argued New Mexico federal courts would lack jurisdiction over the federal claims of Day Rate Safety Consultants[1] who worked outside of New Mexico.

In September 2021, New Mexico District Judge William Johnson invited Plaintiffs to request "transfer [of] the entire case to Delaware, where Defendant is incorporated and therefore may be subject to general jurisdiction on all claims from the nationwide collective." *See* D.I. 58. In October 2021, Judge Johnson transferred this case to this Court. *See* D.I. 61. In February 2022, Plaintiffs renewed their request for conditional certification and requested expedited consideration. *See* D.I. 74. XTO again opposed. *See* D.I. 80. Now, XTO wants to continue stalling—this time by requesting an indefinite stay. *See* D.I. 94; D.I. 95. The Court should deny XTO's request.

---

[1] Plaintiffs and similarly situated Safety Consultants are referred to collectively as the Day Rate Safety Consultants.

1

B.  **SUMMARY OF ARGUMENT.**

XTO fails to meet its burden for an indefinite stay pending the briefing, consideration, and resolution of *Helix*[2] by the Supreme Court:

1. First, there is nothing "exceptional" about the fact that relevant appellate decisions may be rendered in the future. This is always true in litigation.

2. Second, if the Fifth Circuit's decision in *Helix* were reversed, XTO will still have to establish Plaintiffs performed exempt job duties, were guaranteed a *bona fide* salary, and that the alleged salary met the requisite salary levels.

3. Third, regardless of the outcome in *Helix*, this case will proceed with respect to Plaintiffs' claims. Despite bearing the burden of proving a stay is necessary, XTO failed to show anything would meaningfully change with respect to the discovery done, evidence presented, witnesses called, etc.

4. XTO's request to delay this case should be denied.

C.  **CONCISE STATEMENT OF FACTS.**

XTO strategically sourced the Day Rate Safety Consultants from staffing companies, intentionally misclassifying them as independent contractors and paying them—though their staffing companies—pursuant to a common pay plan that compensated workers with flat sum for every day worked (a "day rate"), regardless of the number of hours worked in the day or week. *See* D.I. 75 at 8-9, 13-17, 22-24; D.I.

---

[2] *Hewitt v. Helix Energy Sols. Grp., Inc.,* 15 F.4th 289 (5th Cir. 2021) ("*Helix*"), *cert. granted sub nom.* -- S. Ct. --, No.21-984, 2022 WL 1295708 (2022).

76-1—76-6 at ¶¶ 9–10; D.I. 76-1 at ¶ 27; D.I. 76-2—76-6 at ¶ 28; D.I. 89 at 7, 10-11. These workers routinely worked in excess of 40 hours in a workweek, but they were not paid overtime. D.I. 25 at ¶¶ 4, 6, 11-12, 33-34, 60, 111. Relying **in part** on *Helix*, Plaintiffs established XTO's day rate pay plan violates the FLSA. *See* D.I. 75 at 8-9, 23-24. Plaintiffs further established XTO cannot claim the Safety Consultants are exempt from FLSA overtime requirements because XTO cannot demonstrate the workers were paid on a salary basis. *Id.* at 23-24. XTO now requests an indefinite stay because *Helix* "is likely dispositive of the key requirement of a central affirmative defense asserted by XTO," the highly compensated employee exemption. D.I. 95 at 11. Plaintiffs oppose XTO's renewed effort to stall this case.

### D.   JUDICIAL STAYS ARE DISFAVORED AND APPELLATE "UNCERTAINTY" IS A CONSTANT.

While the Court has an inherent power to stay proceedings, it must weigh competing interests and maintain an even balance in determining whether to grant a stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Maloney v. Gordon*, 328 F. Supp. 2d 508, 511 (D. Del. 2004); *Engle v. Saul*, No. 20-0323, 2021 WL 1209834, at *4 (E.D. Pa. Mar. 31, 2021). A "stay 'is an extraordinary measure…[that] 'should only be granted in exceptional circumstances.'" *Engle*, 2021 WL 1209834, at *4 (quoting *In re Chickie's & Pete's Wage & Hour Litig.*, Civ. No. 12-6820, 2013 WL 2434611, at *2 (E.D. Pa. June 5, 2013)) (quoting *J.B. Hunt Transp., Inc. v. Liverpool Trucking Co.*, Civ. No. 11-1751, 2012 WL 2050923, at *4 (E.D. Pa. June 7, 2012)) (citing *Colo. River Water Conserv'n Dist. v.*

*United States*, 424 U.S. 800, 813 (1976)); *see also Univar, Inc. v. Geisenberger*, 409 F. Supp. 3d 273, 284 (D. Del. 2019).

Stays are disfavored because of the inherent delay they cause, the movant "must state a clear countervailing interest to abridge a party's right to litigate." *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 139 (3d Cir. 2004). Indeed, the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay … will work damages to someone else." *Landis*, 299 U.S. at 255. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

"When deciding a motion to stay proceedings pending the resolution of another action in federal court, courts consider three factors: '(1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay.'" *Richardson v. Verde Energy, USA, Inc.*, Civ. A. No. 15-6325, 2016 WL 4478839, at *2 (E.D. Pa. Aug. 25, 2016) (quoting *Cirulli v. Bausch & Lomb, Inc.*, Civ. A. No. 08-4579, 2009 WL 545572, at *2 (E.D. Pa. Mar. 4, 2009)). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

XTO nonetheless asks to stay this entire case pending the *Helix* appeal. Respectfully, there is nothing "exceptional" about the existence of an appeal that could address (some part of) an issue in a case. In fact, "all federal litigation proceeds in light of the possibility that the Supreme Court, some day, may issue a future decision which

4

might affect the outcome." *Moeller v. Bradford Cty.*, No. 3:05-CV-0334, 2007 WL 431889, at *2 (M.D. Pa. Feb. 5, 2007).

Unsurprisingly, courts regularly reject requests to delay proceedings pending the outcome in other cases on appeal. *See, e.g.*, *St. Clair Intell. Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*, No. CIVA 08-373-JJF-LPS, 2009 WL 192457, at *2–3 (D. Del. Jan. 27, 2009); *Mator v. WESCO Distr., Inc.*, No. 2:21-CV-00403-MJG, 2021 WL 3139989, at *1 (W.D. Pa. July 22, 2021); *Engle*, 2021 WL 1209834, at *4; *Richardson*, 2016 WL 4478839, at *3; *Dennis v. Trans Union, LLC*, No. 14-2865, 2016 WL 127453, at *3 (E.D. Pa. Jan. 12, 2016); *Moeller*, 2007 WL 431889, at *3. After all, "if this Court were to stay all federal cases in which relevant issues … may arise in cases in which the Court has granted *certiorari*, we would have a needless backlog of cases when it is not even clear if the future decisions will affect the outcome of the pending cases." *Moeller*, 2007 WL 431889, at *2.

E.  **A STAY PENDING *HELIX* IS NOT WARRANTED.**

The requested stay is inappropriate because *Helix* is not decisive on the exemption issue. At most, *Helix* will address a slice of XTO's exemption defenses (it does not even purport to address any elements of Plaintiffs' claims). To prevail on its exemption defenses, XTO bears the burden of establishing: (1) the plaintiffs' job duties qualified for exemption; (2) it met the "salary level" tests under 29 C.F.R. §§ 541.600, 541.601; (3) it complied with the "salary basis" test's general rule under 29 C.F.R. § 541.602 by guaranteeing a qualifying salary; (4) it did not make improper deductions

5

from the alleged salary (29 C.F.R. § 541.603); and (5) it complied with the "minimum guarantee plus extras" regulation (29 C.F.R. § 541.604) by ensuring the guaranteed salary was reasonably related to the employee's actual earnings. Failure on any of these elements means XTO's exemption defenses fail.

*Helix* will **only** decide whether employees who qualify for the highly compensated employee test for exemption (HCE Test) must meet the test's reasonable relationship requirement (element 5, *supra*). *Helix* will not address whether workers' job duties satisfy the various "duties tests" for exemption (element 1, *supra*). Nor will it address whether XTO can pass the salary level test (element 2), salary guarantee test (element 3), or salary deduction test (element 4, *supra*) requirements of 29 C.F.R. §§ 541.600-541.603. So, even if *Helix* ultimately decides the reasonable relationship test does not apply to highly compensated employees, Plaintiffs could and would still prevail under the duties, salary guarantee, and/or salary level tests.

*Helix* won't address the "duties" tests for any claimed exemption or determine whether a similar (or any) pay practice constitutes a guaranteed salary to begin with. So, these issues will still be squarely before the Court regardless of whether *Helix* ultimately decides the reasonable relationship test does not apply to highly compensated employees. Importantly, the proof for resolving these issues will be effectively the same.

For example, the discovery necessary to compute damages and to show whether any alleged "salary" meets the salary level (element 1, *supra*) or salary guarantee or deduction requirements (elements 3 & 4) is the same type of discovery needed to show

6

the "salary" was reasonably related to the employee's actual earnings (element 5). This discovery will include evidence of the hours Plaintiffs worked and the compensation they received each week and will be shown through, for example, Plaintiffs' pay stubs, timesheets, and testimony. Regardless of *Helix*, this information will need to be discovered to calculate damages and to determine whether XTO's alleged "salary" meets the salary guarantee and salary level requirements of the "salary basis" test. *Helix* will only dictate whether, in addition, the Parties must compare the amounts highly compensated Plaintiffs earned each week to their alleged "salary" to satisfy the reasonable relationship test. This is a single determination that can be made from facts already before the Court.

Moreover, the impact of *Helix*—if relevant—can be readily applied even after judgment. If Plaintiffs only prevail with respect to the reasonable relationship test, a decision in their favor can be remedied by reversing on that element. If XTO loses on any other element, losing on the reasonable relationship prong becomes irrelevant. Indeed, if Plaintiffs show XTO failed to pay them a salary in the first place, the Court need not analyze the reasonable relationship test.

**F.    CONCLUSION.**

For the reasons set forth herein, the Court should deny XTO's Motion to Stay Proceedings (D.I. 94).

| | |
|---|---|
| Dated: June 2, 2022 | Respectfully submitted, |
| Of Counsel: | FARNAN LLP |
| Michael A. Josephson<br>Andrew Dunlap<br>State Bar No. 24078444<br>JOSEPHSON DUNLAP LAW FIRM<br>11 Greenway Plaza, Suite 3050<br>Houston, Texas 77046<br>Tel: (713) 352-1100<br>Fax: (713) 352-3300<br>mjosephson@mybackwages.com<br>adunlap@mybackwages.com | /s/ Michael J. Farnan<br>Sue L. Robinson (Bar No. 100658)<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 North Market St. 12th Floor<br>Wilmington, DE 19801<br>Telephone: 302-777-0300<br>Facsimile: 302-777-0301<br>srobinson@farnanlaw.com<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com |
| Richard J. (Rex) Burch<br>State Bar No. 24001807<br>BRUCKNER BURCH, PLLC<br>11 Greenway Plaza, Suite 3025<br>Houston, Texas 77046<br>Tel: (713) 877-8788<br>Fax: (713) 877-8065<br>rburch@brucknerburch.com | |
| Clif Alexander<br>State Bar No. 24064805<br>Austin Anderson<br>State Bar No. 24045189<br>ANDERSON ALEXANDER, PLLC<br>819 North Upper Broadway<br>Corpus Christi, Texas 78401<br>Telephone: (361) 452-1279<br>Facsimile: (36) 452-1284<br>clif@a2xlaw.com<br>lauren@a2xlaw.com | *Attorneys for Plaintiffs Cory Bone and Luis Carrillo* |