IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORY BONE AND LUIS CARRILLO, Individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>XTO ENERGY, INC.,<br><br>　　　　　　　　Defendant. | CIVIL ACTION<br>NO. 21-1460 |

## OPINION

**Slomsky, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　August 23, 2023

### I.　　INTRODUCTION

This case involves allegations by Plaintiffs Corey Bone and Luis Carrillo ("Plaintiffs") that Defendant XTO Energy, Inc. ("XTO") violated the Fair Labor Standards Act ("FLSA"). Plaintiffs are former Safety Consultants who were paid for work done for XTO. Pursuant to Section 216(b) of the FLSA, Plaintiffs seek to bring a collective action on behalf of themselves and current and former Safety Consultants who were paid by XTO for their services and did not receive overtime wages under the FLSA. XTO contends that Plaintiffs and the potential collective members on whose behalf they seek to file this action are not employees of XTO, but are independent contractors who utilize an online platform operated by RigUp, Inc.[1] to advertise their services to companies like XTO.

---

[1] According to Olivia Howe, General Counsel for Workrise Technologies, "RigUp, Inc. changed its name to Workrise Technologies Inc. in early 2021." (Doc. No. 97-2 at 2.) As stated infra, Workrise Technologies Inc. is the parent company of RUSCO Operating, LLC and Ally Consulting, LLC, the proposed intervenors in this case.

1

About three-and-a-half months after Plaintiffs filed their Motion for Conditional Certification of the class of Safety Consultants (Doc. No. 74), RUSCO Operating, LLC and Ally Consulting, LLC (collectively referred to as "RUSCO"), non-parties in this case, filed a Motion to Intervene under Rule 24, Federal Rules of Civil Procedure. (Doc. No. 96.) Both companies are wholly owned subsidiaries of Workrise Technologies, Inc. "whose operations do not materially differ for purposes of this Motion." (Doc. No. 97 at 5.) RUSCO seeks to intervene in this lawsuit, arguing that it has an interest in this case because each Safety Consultant used its services and entered into binding arbitration agreements with RUSCO. In addition, RUSCO attached to its Motion to Intervene a Motion to Compel Arbitration it will file if the Court permits RUSCO to intervene. (Id. at 19; Doc. No. 97-1.) For reasons that follow, the Court will grant RUSCO's Motion to Intervene (Doc. No. 96).

## II.   BACKGROUND

On September 25, 2020, Plaintiffs, on behalf of themselves and others similarly situated, filed an Amended Complaint against XTO alleging that XTO violated the FLSA by failing to pay overtime wages. (Doc. No. 25.) On February 16, 2022, Plaintiffs filed a Motion for Conditional Certification and Court-Authorized Notice. (Doc. No. 74.) Plaintiffs and members of the proposed collective action are current and former Safety Consultants who worked for XTO and allegedly did not receive overtime wages under the FLSA. (Doc. No. 75 at 8.) Plaintiffs allege that XTO "avoided paying Plaintiffs and the Putative Class Members overtime by improperly classifying them as independent contractors and requiring these workers to utilize staffing companies." (Id. at 9.) Two staffing companies that apparently referred workers to XTO are RUSCO Operating, LLC and Ally Consulting. As noted above, these companies are collectively referred to as

"RUSCO" due to their similar operations and their status as wholly owned subsidiaries of Workrise Technologies, Inc.

On June 2, 2022, RUSCO filed the Motion to Intervene under Rule 24, Federal Rule of Civil Procedure. (Doc. No. 96.) "RUSCO operates an online platform (an 'app') by which independent contractors market their services to oil-and-gas operators, and by which oil-and-gas operators search for and connect with independent contractors that meet the needs of particular projects." (Doc. No. 97 at 7.) Safety Consultants and other workers use the app to "market their services" to oil-and-gas operators like XTO. (Id.) RUSCO asserts that Plaintiffs and the putative plaintiffs are independent contractors and that they, as well as RUSCO, benefit from their independent contractor status. (Id. at 7-9.) In its Motion, "RUSCO insists that when the workers it serves have disputes concerning payment or the terms of their work, those disputes be decided privately in arbitration." (Id. at 9.) RUSCO argues that "through selective pleading, this lawsuit pointedly excludes RUSCO and Ally—the parties who paid [Plaintiffs and the proposed collective action members] and with whom [they] had an actual agreement concerning their classification as independent contractors." (Id. at 5.) Attached to its Motion to Intervene is a Motion to Compel Arbitration that RUSCO will file if the Motion to Intervene is granted. (See Doc. No. 97-1.)

RUSCO seeks to intervene in this lawsuit under the two rules governing intervention described in Rule 24. (Id. at 6.) Specifically, RUSCO argues (1) that it may intervene as of right under Rule 24(a) because its interest in the litigation would be impaired by the case's disposition and it would be inadequately represented by XTO, and (2) that it "may also intervene as a matter of permission" under Rule 24(b) because there are common questions of law and of fact between its claims and defenses and those of XTO. (Id. at 12-19.) Although RUSCO argues it meets the requirements for permissive intervention under Rule 24(b), that argument need not be discussed

3

because, as noted infra, RUSCO meets the requirements of intervention as of right under Rule 24(a).

### III.  ANALYSIS

Federal Rule of Civil Procedure 24 allows parties to intervene in a lawsuit in two ways—(1) intervention as of right and (2) permissive intervention:

> (a) INTERVENTION OF RIGHT.  On timely motion, the court must permit anyone to intervene who:
>
> > (1) is given an unconditional right to intervene by a federal statute; or
> >
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) PERMISSIVE INTERVENTION.
>
> > (1) In General.  On timely motion, the court may permit anyone to intervene who:
> > > (A) is given a conditional right to intervene by a federal statute; or
> > >
> > > (B) has a claim or defense that shares with the main action a common question of law or fact.
> > . . .

Fed. R. Civ. P. 24.  In other words, "Rule 24 allows non-parties to ensure their interests in the merits of the case are not 'adversely affected by litigation conducted without their participation.'" CPR Mgmt. v. Devon Park Bioventures, L.P., 19 F.4th 236, 242 (3d Cir. 2021) (quoting Stallworth v. Monsanto Co., 558 F.2d 257, 265 (5th Cir. 1977)).

In Commonwealth v. President United States of America, the Third Circuit Court of Appeals described the requirements for intervention of right under Rule 24(a):

> A party that has filed a timely motion has a right to intervene under Rule 24(a) if it can show three things:  (1) a sufficient interest in the litigation; (2) "a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the

4

action"; and (3) that its interest is not adequately represented by the existing parties to the litigation."

888 F.3d 52, 57 (3d Cir. 2018) (quoting Kleissler v. U.S. Forest Serv., 157 F.3d 964, 969 (3d Cir. 1998)).

### A. RUSCO's Motion to Intervene is Timely

As a threshold matter, a motion to intervene under Rule 24 must be timely. As the Third Circuit held in Wallach v. Easton Corp.:

> A district court's timeliness inquiry for both types of Rule 24 motions requires considering the totality of the circumstances arising from three factors: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." In re Cmty. Bank of N. Va., 418 F.3d 277, 314 (3d Cir. 2005); In re Fine Paper Antitrust Litig., 695 F.2d 494, 500 (3d Cir. 1982) (treating the timeliness inquiry the same for both types of Rule 24 motions). These three factors are necessarily bound up in one another, see, e.g., Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 370 (3d Cir. 1995) ("[T]he stage of the proceeding is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved."), and we maintain "a general reluctance to dispose of a motion to intervene as of right on untimeliness grounds because the would-be intervenor actually may be seriously harmed if not allowed to intervene," Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa., 701 F.3d 938, 949 (3d Cir. 2012).

837 F.3d 356, 371-72 (3d Cir. 2016). For reasons discussed below, RUSCO's Motion to Intervene (Doc. No. 96) is timely.

Motions to intervene filed by individuals or entities with a purported interest in the litigation within several months of ascertaining their interest generally are considered timely, especially when little to no discovery has been conducted. See, e.g., UPS Worldwide Forwarding, Inc. v. United States Postal Serv., 853 F. Supp. 800, 807 (D. Del. 1994), rev'd on other grounds, 66 F.3d 621 (3d Cir. 1995) (noting that three-month delay in filing motion to intervene is timely especially when it was filed "before any discovery had commenced"); Jet Traders Inv. Corp. v. Tekair, Ltd., 89 F.R.D. 560, 568 (D. Del. 1981) (stating that motion to intervene was timely even

after "eight month delay between the completion of the pleadings and the motion to intervene . . . [because] discovery has not been completed, there have been no significant decisions on the merits considered or denied, and the parties could not be prejudiced by that delay"). Moreover, "District Courts are instructed to assess the prejudice that would befall either party that is 'attributable to any time delay.'" Wallach, 837 F.3d at 377 (quoting Mountain Top, 72 F.3d at 370).

"The mere passage of time, however, does not render an application [to intervene] untimely." Mountain Top, 72 F.3d at 369 (citing Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 844 F.2d 1050, 1056 (3d Cir. 1988)). Rather, "the critical inquiry [for timeliness] is: what proceedings of substance on the merits have occurred?" Id. (citation omitted).

Considering the three timeliness factors noted by the court in Wallach, they weigh in favor of allowing RUSCO to intervene here. First, regarding the stage of the proceeding, Plaintiffs filed their Motion for Conditional Certification and Court-Authorized Notice on February 16, 2022. (Doc. No. 74.) RUSCO learned of this Motion and sought to intervene as of right in the present lawsuit about three-and-a-half months later. By June 2, 2022, RUSCO filed the Motion to Intervene. This time period does not amount to any undue delay under the circumstances of this case.

Second, regarding whether the delay prejudiced the parties, RUSCO's intervention at this juncture of the case will not prejudice either party because discovery in this case has not yet commenced. Furthermore, considering the critical inquiry identified by the court in Mountain Top, Plaintiff's Motion for Conditional Certification is outstanding. Conditional certification is an early stage of a FLSA collective action. "The sole consequence of conditional certification [in an FLSA collective action] is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." Fischer

6

v. Fed. Express Corp., 42 F.4th 366, 376 (3d Cir. 2022) (internal quotation marks omitted) (quoting Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 75 (2013)).

Third, regarding the reason for the delay, as discussed supra, RUSCO sought to intervene about three-and-a-half months after Plaintiffs filed the Motion for Conditional Certification. In its Reply in support of the Motion to Intervene, RUSCO states the following as the reason for any delay in filing the Motion to Intervene:

> . . . RUSCO investigated what opt-in Plaintiffs might have worked for RUSCO and whether its interests were being adequately represented by the existing parties. By May 2022, just two months later, it had determined that its interests were not being adequately represented and emailed Plaintiffs' counsel to try to confer about the motion to intervene. In other cases, Plaintiffs' counsel has at times been willing to withdraw RUSCO workers and file their claims in arbitration under similar circumstances. After waiting for and receiving no response from Plaintiffs' counsel, RUSCO finished a draft of its Motion to Intervene and filed it on June 2, 2022, less than 90 days after it first learned of its interests in the case.

(Doc. No. 105 at 8.) This is an adequate reason for RUSCO's delay in filing the Motion to Intervene.

Thus, under the totality of the circumstances and the three timeliness factors set forth in Wallach, RUSCO's Motion to Intervene under Rule 24 is timely.

### B. RUSCO Has a Significantly Protectable Interest in the Litigation

As noted, a three-prong test must be met under Commonwealth, supra, to allow intervention as of right under Rule 24(a). Under the first prong described in Commonwealth, an intervenor must demonstrate a "sufficient interest in the litigation" and "must assert an interest that is 'significantly protectable.'" Commonwealth, 888 F.3d at 57-58 (quoting Donaldson v. United States, 400 U.S. 517, 537 (1971)). A "significantly protectable" interest is "a cognizable legal interest, and not simply an interest of a general and indefinite character." Id. at 58 (quoting Brody v. Spang, 957 F.2d 1108, 1115 (3d Cir. 1992)). "An applicant must therefore demonstrate that its

interest is 'specific to [it], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought.'" Id. (quoting Kleissler, 157 F.3d at 972).

In Field v. Anadarko Petro. Corp., the Fifth Circuit considered whether RUSCO could intervene in a lawsuit similar to the present one. 35 F.4th 1013, 1016 (5th Cir. 2022). Field is similar to this case because in Field, the plaintiffs sought to represent proposed members consisting of workers who used RUSCO's app to find different jobs but akin to those advertised by XTO. See id. at 1016-17. As a result of using RUSCO's app, the workers were subject to binding arbitration with RUSCO on any employment disputes. Id. at 1019. In this regard, the court held that RUSCO's "interest in enforcing their arbitration agreements, particularly given the interrelatedness of the parties' contractual relationships and the plaintiff's claims, is 'a stake in the matter that goes beyond a generalized preference that the case come out a certain way[.]'" Id. at 1019-20 (citation omitted).

Here, RUSCO has a significantly protectable interest in this litigation, an interest which is the same as its interest in Field. RUSCO seeks intervention in the lawsuit in order to protect its interest in resolving through binding arbitration employment disputes with the Safety Consultants who have used its app. RUSCO asserts in its Motion to Intervene that its "interest in protecting its business model, pay structure, and classification of workers as independent contractors is a legitimate interest that could be adversely impacted." (Doc. No. 97 at 14.) RUSCO further asserts the Safety Consultants are independent contractors, benefit from their independent contractor status, and in the past have gone to arbitration over pay disputes. Since here Plaintiffs' claim that XTO violated the FLSA by failing to pay them and other Safety Consultants their proper overtime wages turns on whether Plaintiffs are employees or independent contractors, RUSCO has a significantly protectable interest in the litigation.

### C. RUSCO's Interest Will Be Affected by Disposition of This Lawsuit

Under the second prong of Rule 24(a), to demonstrate a "'threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action,' . . . 'there must be a tangible threat to the applicant's legal interest.'" Commonwealth, 888 F.3d at 59 (quoting Brody, 957 F.2d at 1122-23). Although "[p]roposed intervenors need not have an interest in every aspect of the litigation[,] [t]hey are entitled to intervene as to specific issues so long as their interest in those issues is significantly protectable." Mountain Top, 72 F.3d at 368. Additionally, the Third Circuit has recognized a policy preference favoring intervention "over subsequent collateral attacks." Commonwealth, 888 F.3d at 59 (quoting Kleissler, 157 F.3d at 970).

As noted supra, this lawsuit implicates RUSCO's significantly protectable interests in classifying workers who use their app as independent contractors and enforcing binding arbitration clauses, which generally is less expensive and less burdensome than traditional litigation. See Allied-Bruce Terminix Cos. V. Dobson, 513 U.S. 265, 280 (1995). And as a practical matter, disposition of this action ultimately will require determining whether Plaintiffs and the putative plaintiffs identified in Plaintiffs' proposed collective action are independent contractors or employees. A determination that the Safety Consultants are employees could negatively impact RUSCO's legal interests.

Moreover, permitting intervention here furthers the policy preference recognized by the Third Circuit of favoring intervention over the need to file subsequent lawsuits, which RUSCO might consider filing given the nature of the allegations being made here. See Commonwealth, 888 F.3d at 59. Consequently, the second prong under Rule 24(a) weighs in favor of allowing RUSCO to intervene in this case as of right.

### D.   XTO's Representation of RUSCO's Interest May Be Inadequate

Finally, under the third prong of Rule 24(a), the intervenor must demonstrate that its interests "diverges sufficiently from the interests of the existing party, such that 'the existing party cannot devote proper attention to the applicant's interests.'" Id. at 60 (quoting United States v. Territory of the V.I., 748 F.3d 514, 520 (3d Cir. 2014)).  To meet its burden under this prong, the intervenor need only show that "representation of his interest 'may be' inadequate." Id. (quoting Mountain Top, 72 F.3d at 368 (emphasis in original) (citation omitted)).  "[T]he burden of making that showing should be treated as minimal." Mountain Top, 72 F.3d at 368 (internal quotation marks omitted) (quoting Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972)).

In the context of workers who use staffing agencies to obtain work at other companies, those companies would not adequately represent the interest of the staffing agencies in a case brought under the FLSA because the staffing agencies "are the entities that determine and cut the paychecks." Robertson v. Enbridge (U.S.) Inc., No. 19-1080, 2020 WL 2105064, at *5 (E.D. Pa. Apr. 13, 2020), report and recommendation adopted by 2020 WL 2104911 (E.D. Pa. May 1, 2020).  Moreover, they may hire the workers as independent contractors, as noted in their app.

In this regard, RUSCO submits that its "interest in arbitration may be inadequately represented by XTO because XTO has not itself sought to compel any Plaintiffs to arbitration." (Doc. No. 87 at 15.)  Moreover, RUSCO asserts that "XTO might make litigation decisions or even enter a settlement that disadvantages RUSCO." (Doc. No. 97 at 16.)  Additionally, RUSCO asserts that it pays the Safety Consultants sought to be joined in Plaintiffs' proposed collective.  These reasons support the notion that XTO would not adequately represent RUSCO's interests and they weigh in favor of RUSCO's intervention.

Because RUSCO's Motion was timely filed and because all three prongs of intervention as of right under Rule 24(a) favor RUSCO's intervention, the Motion to Intervene under Rule 24 will be granted.

## IV.     CONCLUSION

Accordingly, for the foregoing reasons, RUSCO's Motion to Intervene under Rule 24 (Doc. No. 97) will be granted. An appropriate Order follows.